1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                  NORTHERN DISTRICT OF CALIFORNIA
9
10   VINCENT HANSEN,                        Case No. 23-cv-02038-RS
                    Plaintiff,
11
         v.                                 **ORDER DENYING MOTION FOR**
12                                          **REMAND AND ATTORNEY FEES**
     SMOKE GUARD CALIFORNIA, INC.,
13
                    Defendant.
14
15
16                            **I. INTRODUCTION**

17        After Plaintiff Vincent Hansen filed this employment suit in state court, Defendant Smoke

18   Guard California, Inc. ("Smoke Guard"), removed to federal court, invoking diversity jurisdiction.

19   Plaintiff has moved to remand the case on the grounds that the forum selection clause contained in

20   the parties' employment agreement vests jurisdiction exclusively in the state court. He further

21   seeks attorney fees for the costs of bringing the remand motion. This motion is suitable for

22   disposition without oral argument, and the hearing scheduled for July 6, 2023, is vacated. *See* Civ.

23   L.R. 7-1(b). For the reasons discussed below, the motion is denied.

24                            **II. BACKGROUND**

25        Smoke Guard is a Nevada-based corporation that sells "smoke containment protection

26   systems throughout the United States and internationally." Dkt. 1, Ex. B ¶ 7. For roughly twelve

27   years, Plaintiff worked as a salesperson for Smoke Guard in Northern California. Plaintiff

28   describes himself as "an elderly, gay male who suffered a physical injury necessitating reasonable

United States District Court
Northern District of California

1    accommodation" in his employment. *Id.* ¶ 8. However, when Plaintiff requested such an

2    accommodation, he avers Smoke Guard "issued him with a written reprimand regarding alleged

3    pretextual work performance issues." *Id.* Plaintiff was terminated in September 2022, allegedly

4    without having been paid "several hundred thousand dollars in sales commissions" he had earned.

5    *Id.* ¶ 9.

6         Plaintiff filed suit in the California Superior Court for the County of Contra Costa in

7    February 2023. The Complaint raises twelve claims for relief, including for discrimination in

8    violation of the Fair Employment and Housing Act, wrongful termination in violation of public

9    policy, breach of contract, and failure to pay various wages and expenses. Defendant then

10   removed to this Court on April 26, 2023. *See* Dkt. 1. The basis for removal was complete

11   diversity, as Plaintiff is a citizen of California, while Defendant is incorporated in Nevada and has

12   its principal place of business in Idaho. Plaintiff has since filed a motion for remand and seeks

13   attorney fees for the costs incurred in bringing and briefing the remand motion.

14                            **III. DISCUSSION**

15        Plaintiff argues this case must be remanded based on the express terms of the forum

16   selection clause in Smoke Guard's employment agreement. The clause provides, in relevant part,

17   that the parties "agree to submit to the personal jurisdiction and venue of a court of subject matter

18   jurisdiction located in Contra Costa County, State of California." Dkt. 12, Ex. 1 ¶ 11. Plaintiff

19   contends the agreement mandates only one outcome: the case must be heard in state court. Further,

20   to the extent the agreement is ambiguous, it should be construed against Defendant as the drafter

21   of the contract. Defendant, meanwhile, argues that this clause is "permissive rather than

22   mandatory" — in other words, while the case *could* be brought in state court in Contra Costa

23   County, it need not be brought there. Dkt. 13, at 7 (quoting *Hunt Wesson Foods, Inc. v. Supreme*

24   *Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987)). In any event, Defendant notes, venue is appropriate here

25   because this Court oversees Contra Costa County.

26        The Ninth Circuit has addressed various permutations of how forum selection clauses

27   affect a defendant's right to remove. In *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, the principal

28

ORDER DENYING MOTION FOR REMAND AND ATTORNEY FEES
CASE NO. 23-cv-02038-RS

2

1   case relied on by both parties here, the plaintiff sought remand based on a forum selection clause

2   that included the following language: "The courts of California, County of Orange, shall have

3   jurisdiction over the parties in any action at law relating to the subject matter or the interpretation

4   of this contract." 817 F.2d at 76. The Ninth Circuit concluded that, while this phrase permitted the

5   case to be brought in Orange County, it did not require it. As the panel reasoned, "[t]he effect of

6   the language is merely that the parties consent to the jurisdiction of the Orange County courts. . . .

7   Such consent to jurisdiction, however, does not mean that the same subject matter cannot be

8   litigated in any other court." *Id.* at 77. The panel thus reversed the grant of remand. Just two years

9   later, the Ninth Circuit distinguished *Hunt Wesson* in a similar case that involved this forum

10  selection clause: "Licensee hereby agrees and consents to the jurisdiction of the courts of the State

11  of Virginia. Venue of any action brought hereunder *shall be deemed to be in* Gloucester County,

12  Virginia." *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 763 (9th Cir. 1989) (emphasis added).

13  The Ninth Circuit reasoned that, unlike in *Hunt Wesson*, "venue [was] specified with mandatory

14  language," and the clause would therefore be enforced. *Id.* at 764.

15          Applying these principles to the forum selection clause in this case, the agreement does not

16  include mandatory language. While the clause specifies that the parties "agree to submit to

17  personal jurisdiction and venue" in a court in Contra Costa County, it nowhere states or even

18  suggests that such jurisdiction and venue are exclusive. This can be contrasted with the numerous

19  other instances in which courts have found such exclusive venue by the use of express language

20  indicating as much. *See, e.g.*, *Docksider*, 875 F.2d at 763; *Nortek Sec. & Control LLC v. Sec. Data*

21  *Supply, LLC*, No. 18-cv-05271-DMR, 2018 WL 6411352, at *1 (N.D. Cal. Dec. 6, 2018)

22  ("[E]xclusive venue . . . shall be in Sonoma County, California."); *FCE Benefit Adm'rs, Inc. v.*

23  *Training, Rehab. & Dev. Inst., Inc.*, No. 15-cv-01160-JST, 2015 WL 2173744, at *2 (N.D. Cal.

24  May 7, 2015) ("[T]he venue for resolving any dispute under this Agreement will be San Mateo

25  County, California."); *Stone v. Cnty. of Lassen*, No. 12-cv-01946-MCE, 2013 WL 269085, at *3

26  (E.D. Cal. Jan. 23, 2013) ("[T]he Parties agree that venue for any dispute arising from or related to

27  this Agreement shall be in Lassen County, California."); *Christian Relief Servs. Charities Inc. v.*

28  ORDER DENYING MOTION FOR REMAND AND ATTORNEY FEES
    CASE NO. 23-cv-02038-RS

3

*Silktree Inv. LLC*, No. CV-18-04958-PHX-DWL, 2019 WL 927026, at *2 (D. Ariz. Feb. 26, 2019) ("The jurisdiction and venue for any action or proceeding brought by either party shall be the Superior Courts of Maricopa County, Arizona."); *Turner v. CRC Ins. Servs., Inc.*, No. CV102519JFWPJWX, 2010 WL 11598028, at *2 (C.D. Cal. May 6, 2010) (suits relating to agreement "shall be instituted and determined exclusively in the courts of Los Angeles County and the State of California"); *cf. Hunt Wesson*, 817 F.2d at 77 ("[T]he word 'shall' is a mandatory term"). The absence of mandatory language is notable given that the agreement *does* include such language in the preceding sentence: it states the agreement "*shall be* governed by, construed and enforced in accordance with the laws of the State of California." Dkt. 12, Ex. 1 ¶ 11. While Plaintiff is correct to note that ambiguities in the agreement should be resolved against Defendant, as the drafter of the contract, there simply is no ambiguity here. Like *Hunt Wesson*, the effect of the forum selection clause here is merely that neither party would be entitled to contest jurisdiction or venue in a court in Contra Costa County. It does not, however, preclude litigation elsewhere.[1]

### IV. CONCLUSION

Because the language of the forum selection clause is permissive, rather than mandatory, Plaintiff's motion for remand is denied. The request for attorney fees is consequently denied.

**IT IS SO ORDERED**.

Dated: June 28, 2023

_____
RICHARD SEEBORG
Chief United States District Judge

---

[1] While it is not necessary to reach Defendant's alternate argument that venue is proper here because the Northern District of California constitutes a court "in Contra Costa County," it should be noted that district courts in this Circuit have almost universally rejected this position. *See Stone*, 2013 WL 269085, at *3 ("A forum selection clause stating that venue 'shall be in' a particular county means that venue lies in state court when there is no federal court in that particular county — even though that county may be part of a judicial district whose courthouse lies elsewhere."); *FCE*, 2015 WL 2173744, at *2; *Nortek*, 2018 WL 6411352 at *5 (collecting cases).