UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT HANSEN,<br><br>    Plaintiff,<br><br>v.<br><br>SMOKE GUARD CALIFORNIA, INC.,<br><br>    Defendant. | Case No. 23-cv-02038-RS   (AGT)<br><br>**REPORT AND RECOMMENDATION TO DISMISS ENTIRE ACTION**<br><br>Re: Dkt. No. 44 |

Defendant Smoke Guard California, Inc. (Smoke Guard) moves to dismiss plaintiff Vincent Hansen's entire action pursuant to Federal Rule of Civil Procedure 37. Dkt. 44. For the reasons that follow, the undersigned recommends granting Smoke Guard's request and vacates the hearing on this motion previously set for September 19, 2025.[1]

## I.  Background

Relevant here, Hansen's deposition started on May 3, 2024. Dkt. 44-2 ¶ 8 (declaration of defense counselor Robert Sarkisian). The deposition then remained open while the parties resolved outstanding discovery disputes. *Id.* ¶¶ 8 & 11.[2] On May 5, 2025, Smoke Guard noticed Hansen's continued deposition for May 30, 2025. Dkts. 44-3 & 44-4. On May 28, 2025, Smoke Guard sent a letter to Hansen, confirming the day and time. Dkt. 44-5.

---

[1] This matter was referred to the undersigned for discovery purposes. *See* dkts. 20 & 21.
[2] In the interim, Hansen's attorney moved to withdraw, dkt. 33, and the Court approved the withdrawal. Dkt. 35. Since March 10, 2025, Hansen has been proceeding pro se.

Hansen never responded or objected, dkt. 44-2 ¶¶ 12–13, and ultimately failed to appear at his continued deposition. Dkt. 44-6.

On June 16, 2025, Smoke Guard served Hansen with its Requests for Admission; responses were due July 16, 2025. Dkts. 44-7 & 44-8. Hansen did not timely respond. Dkt. 44-2 ¶ 17. Smoke Guard then sent Hansen a letter on July 23, 2025, advising Hansen of the Court's procedures for resolving discovery disputes and warning of a forthcoming motion if no response was received. Dkt. 44-9. Hansen did not respond or object. Dkt. 44-2 ¶ 19.

On July 28, 2025, Smoke Guard moved to deem its requests admitted, dkt. 36, and to compel Hansen's appearance at his deposition. Dkt. 37. The undersigned deemed the requests admitted and ordered Hansen to provide Smoke Guard with three possible dates for his continued deposition within fourteen days, or object to the deposition. Dkt. 43. The undersigned finally warned Hansen that failure to comply might result in sanctions, including and up to dismissal. *Id.*

Again, Hansen did not comply with the undersigned's order, *see* dkt. 44-2 ¶ 19, so Smoke Guard filed the instant motion for terminating sanctions. Dkt. 44. The motion was noticed with a September 19, 2025, hearing. *Id.* The Court set a discovery hearing on the motion via Zoom on August 27, 2025. Dkt. 46. Hansen did not appear. Dkt. 48 (minute entry). Indeed, Hansen was in verbal contact with the Court and was not going to appear.

Hansen's opposition or response to the sanctions motion was due August 28, 2025. *See* dkt. 44. As of the filing of the report and recommendation, Hansen has not responded on the Court's docket. Smoke Guard timely filed its reply. Dkt. 49.

/ / /

/ / /

## II. Legal Standard

Rule 37(b)(2) allows a court to "issue just orders" if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Pertinent here, a court's "just order[ ]" might include dismissal of an action in whole or in part. *Id.* 37(b)(2)(A)(v). Sanctions under Rule 37 are within a court's discretion. *Potlatch Corp. v. United States*, 679 F.2d 153, 157 (9th Cir. 1982).

## III. Discussion

Prior to dismissing under Rule 37(b)(2), a court must find that the offending party's violation was the result of "willfulness, bad faith, or [the] fault of the party." *U.S. for Use & Ben. of Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 602 (9th Cir. 1988). Willfulness can be found when the failure to comply was "within the litigant's control." *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985).

There is no evidence here — Hansen has presented none — that Hansen's multiple failures to comply with the rules and orders are beyond his control. Hansen's total failure to participate is thus willful. *See Wilson v. Allison*, No. 22-CV-04838, 2023 WL 7174235, at *3 (N.D. Cal. Oct. 30, 2023) ("As Plaintiff has not shown any reason beyond his control justifying his failure to comply with the order[,] . . . the Court finds his non-compliance willful."). Indeed, when asked to appear at the most recent discovery hearing, he refused to do so. Nor did he indicate that he needed additional time or to move the hearing. He refused his chance to be heard.

Additionally, a court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5)

the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

The public's interest in expeditious resolution and the Court's need to manage its docket both weigh in favor of dismissal. Hansen's conduct impedes resolution of this case: he has not contacted Smoke Guard to request more time or object to discovery, nor has he sought relief from the Court.

Also weighing in favor of dismissal, Hansen's "failure to respond to discovery and the time consumed by attempting to secure compliance prejudice[s]" Smoke Guard, *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996), and "threaten[s] to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (finding prejudice where plaintiffs repeatedly failed to appear at scheduled dispositions and refused to comply with court-ordered production of documents).

The public policy favoring disposition of cases on their merits weighs against dismissal, but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (cleaned up).

The availability of less drastic sanctions weighs in favor of dismissal. The undersigned finds that issuing a show cause order would be futile. Hansen refuses to participate and has been defiant for months. And the undersigned has warned Hansen that failure to comply with the undersigned's discovery order could result in the dismissal of this case. *See* dkt. 43 at 2. "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement."

4

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992).

Ultimately and on balance, all of the factors point towards dismissal, rendering it appropriate. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

### IV.     Conclusion

The undersigned recommends dismissing this entire action with prejudice pursuant to Rule 37. Hansen may object to this report and recommendation, but he must do so within fourteen days of being served with a copy. Fed. R. Civ. P. 72(b).

**IT IS SO ORDERED.**

Dated: September 2, 2025

_____
Alex G. Tse
United States Magistrate Judge